# EXHIBIT B

# Complaint

**IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY MARYLAND**

**YVONNE R. ALSTON**
10012 Cedarhollow Lane
Largo, MD 20774

Plaintiff,

v.

**LVNV FUNDING, L.L.C.**
**Serve:** The Corporation Trust Incorporated
351 West Camden Street
Baltimore, MD 21201

Defendant,

**EQUIFAX INFORMATION SERVICES, LLC**
**Serve:** CSC-Lawyers Incorporating Service Co.
7 St. Paul Street, Suite 1660
Baltimore, MD 21202

Defendant,

**EXPERIAN INFORMATION SOLUTIONS, INC**
**Serve:** The Corporation Trust Incorporated
351 West Camden Street
Baltimore, MD 21201

Defendant,

**TRANS UNION LLC**
**Serve:** CSC-Lawyers Incorporating Service Co.
7 St. Paul Street, Suite 1660
Baltimore, MD 21202

Defendant.

CIVIL ACTION NO: ________
**JURY TRIAL DEMANDED**

CAL13-22244

Clerk of the Circuit Court
2013 AUG -1 PM 1:56
PR GEO CO MD #70

Case: L13--22244
NEW CASE/PRO SE
CV CLERK FEE- 80.00
MD LEGAL SERV 55.00
TOTAL 135.00
Reg# PG01 Rcpt # 57650
AMB BRH Blk # 39
Aug 01, 2013 12:20 PM

**COMPLAINT**

COMES NOW the Plaintiff, Yvonne R. Alston, (hereafter the "Plaintiff") and for her complaint against the Defendant LVNV Funding, Llc. ("LVNV"), Equifax Information Services,

LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian") and Trans Union LLC ("Transunion") alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law §14-201 *et seq* ("MCDCA") and the common law tort of defamation.

**PARTIES**

2. The plaintiff is a natural person and resides in Largo, Maryland. She is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c) and the FDCPA, 15 U.S.C. §1692a(3).

3. Defendant LVNV is a Delaware corporation that is licensed as a debt collection agency in Maryland.

4. Defendant LVNV regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. S 1692a(6).

5. Defendant LVNV is a furnisher of information as contemplated by FCRA section 1681s-2(a) & (b), in that it regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies.

6. Upon information and belief Defendants Equifax, Experian and Transunion (collectively "credit bureaus") are corporations authorized to do business in the State of Maryland.

7. Upon information and belief the credit bureaus are "consumer reporting agencies," as defined in 15 U.S.C. §1681a(f). Upon information and belief the credit bureaus are regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

8. Upon information and belief the credit bureaus disburse such consumer reports to third parties under contract for monetary compensation.

## FACTS

9. LVNV falsely claims to be the owner of Ms. Alston's alleged debt with GE Capital - Walmart and GE Capital - Lowes (collectively, the "Creditors").

10. The alleged debts allegedly arose from services provided by the Creditors, which were primarily for family, personal or household purposes and meets the definition of a "debt" under 15 U.S.C. §1692a(5).

11. Ms. Alston has disputed the debt with LVNV for several years.

12. Ms. Alston did not have a debt with the Creditors and therefore LVNV did not purchase any debts held by Ms. Alston with the Creditors.

13. LVNV has misrepresented in communications to the credit bureaus that Ms. Alston owes it $2,351 for the alleged debt with GE Capital - Lowes and $1,027 for the alleged debt with GE Capital - Walmart.

14. The credit bureaus are reporting the LVNV accounts negatively as collection accounts.

15. Within two years of filing this complaint Ms. Alston has disputed the LVNV account with each of the credit bureaus.

16. Upon information and belief the credit bureaus forwarded the disputes to LVNV for LVNV to perform the investigation. The credit bureaus merely relied on LVNV's representations regarding the accuracy of the account rather than performing their own investigation of the reporting of the account.

17. LVNV falsely verified the debts as accurate in response to each of Ms. Alston's credit bureau disputes and the credit bureaus parroted LVNV's response.

## COUNT ONE: VIOLATIONS OF FCRA

18. Plaintiff realleges and incorporates paragraphs 1 through 17 above as if fully set out herein.

19. The credit bureaus violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation of Plaintiff's disputes. Based upon information and belief, the credit bureaus did not investigate the dispute but simply reported the account as accurate without conducting any investigation.

20. The credit bureaus violated 15 U.S.C. §1681i(a)(5)(A) by failing to promptly delete the LVNV account after receiving Plaintiff's dispute. Had the credit bureaus conducted an actual investigation they would have found that the LVNV account could not be verified and would have deleted the account.

21. As a result of the conduct, actions and inactions of the credit bureaus, the Plaintiff suffered actual damages including without limitation, by example only and as described herein by Plaintiff: out-of-pocket expenses, credit repair costs, loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

22. The credit bureaus conduct, actions and inactions were willful, rendering the credit bureaus liable for punitive damages in an amount to be determined by the Court pursuant

to 15 U.S.C. §1681n. In the alternative, the credit bureaus were negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

23. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from the credit bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT TWO: VIOLATIONS OF FDCPA**

24. Plaintiff realleges and incorporates paragraphs 1 through 23 above as if fully set out herein.

25. Defendant LVNV violated 15 U.S.C. §1692 in one or more of the following ways, without limitation by:

a. Falsely representing the Plaintiff had a debt obligation to the Defendant in violation of §1692e;

b. Falsely representing Plaintiff had debts with Defendant in the amounts of $2,351 and $1,027 in violation of §1692e(2)(A);

c. Knowingly or recklessly communicating the foregoing false information to the credit bureaus in violation of §1692e(8).

26. As a result of the conduct and actions of LVNV, the Plaintiff suffered actual damages including without limitation, by example only and as described herein by Plaintiff: out-of-pocket expenses, frustration, upset, anger, humiliation and severe emotional and mental distress.

27. LVNV's conduct was the proximate cause of Plaintiff's injuries, rendering Defendant liable for actual damages in an amount to be determined by the court pursuant to 15

U.S.C. §1692k(a)(1), statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A), and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3).

**COUNT THREE: DEFAMATION**

28. Plaintiff realleges and incorporates paragraphs 1 through 27 above as if fully set out herein.

29. LVNV intentionally and maliciously instructed the credit bureaus to report publicly that Plaintiff had delinquent accounts.

30. LVNV's statements to the credit bureaus were false.

31. LVNV published the statements without a privilege.

32. As a result of LVNV's publication, Plaintiff's credit score was reduced, credit applications were denied, and credit opportunities were lost. Plaintiff has also suffered substantial, actual damages including but not limited to: out-pocket expenses, frustration, upset, humiliation and embarrassment, emotional and mental pain and suffering.

33. LVNV's conduct was the proximate cause of Plaintiff's injuries, rendering LVNV liable for compensatory damages.

**COUNT FOUR: MCPA**

34. Plaintiff realleges and incorporates paragraphs 1 through 33 above as if fully set out herein.

35. Plaintiff's alleged debts with GE Capital – Walmart and GE Capital – Lowes are "consumer transactions" within the meaning of the Maryland Consumer Debt Collection Act (or "MCDCA"), Md. Code Ann., Com Law §14-201(c). LVNV attempted to the collect on the debt arising out of that mortgage loan and is a "collector" within the meaning of MCDCA, §14-201(b).

36. Defendant LVNV violated MCDCA, §14-202(3) by knowingly disclosing false credit information that negatively impacted Plaintiff's credit worthiness.

37. Defendant LVNV's violation of MCDCA, §14-202(3) also constitute a violation under MCPA, §13-301(14)(iii).

38. The foregoing act of LVNV constitute an unfair and deceptive act as made applicable by MCPA, §13-301(14)(iii).

39. As a result of LVNV's violation of the MCPA, Plaintiff is entitled to actual damages and attorney's fees pursuant to MCPA, §13-408 from Defendant herein.

WHEREFORE, your Plaintiff demands judgment for actual, statutory and punitive damages against Defendants; for her attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief as the Court deems just, equitable and proper.

**TRIAL BY JURY DEMANDED.**

**YVONNE R. ALSTON**

By [signature]

Yvonne R. Alston, *Pro Se*
10012 Cedarhollow Lane
Largo, MD 20774
(301) 350-5780